JANVIER, Judge.
Plaintiff, an elderly Negress, is attempting to rescind the sale of two pieces of property, in New Orleans, on the ground that the value of the properties is substantially more than double the amount of the consideration which she received and that, therefore, there was lesion beyond moiety and, as a result, she is afforded by codal article 2589 the right to rescind the sale. In the alternative that it should appear that the value is not double the amount of the consideration, plaintiff makes the allegation that, as a matter of fact, she was misled into signing an act of sale which she believed was only a mortgage in favor of defendant.
Defendant denied that the value of the property was sufficiently in excess of the stated consideration to enable plaintiff to rescind the sale on the ground of lesion beyond moiety, and denied that she was misled into signing an act of sale under the belief that she was merely mortgaging the property.
The matter was tried by a jury on the request of plaintiff, and there were submitted to the jury two specific questions: First, the jury was asked to fix the actual value of the property, and second, the jury was asked to determine whether plaintiff had been misled into signing an act of sale when she intended only to mortgage the property. The jury answered the first question by finding that the value of the property did not exceed the stated consideration sufficiently to justify the rescission of the sale, and answered the second question by the statement: “That plaintiff was not misled into signing an act of sale instead of an act of mortgage.”
From a judgment rendered in favor of defendant on this verdict plaintiff has appealed.
The two properties involved are described as follows: *
“1. A Certain Piece or Portion of Ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the First District of this City, in Square No. 254, bounded by Clio, Baronne, Dryades and Calliope Streets; which said portion of ground is designated as the letter ‘X’ on sketch of survey by Adloe Orr, C. E., dated January 16, 1918, annexed to an act before Herman L. Barnett, Notary, on September 22nd, 1944, and measures according thereto, beginning 128 feet 6 inches from the corner of Clio and Baronne Streets, it has 22 feet front on Clio Street, by a depth between equal and parallel lines of 100 feet; said lot being part of original lot No. 7 of Faubourg Saulet. described and designated on plan of Jos. Pilie, City Surveyor, dated May 22nd, 1833, deposited in office of F. de Armas, late Notary in this City,
“The improvements bear Municipal No. 1819 Clio Street.
“2. A Certain Piece or Portion of Ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the First District of this City, in Square No. 677, bounded by Gravier, S. Rendon Streets, Jefferson Davis Parkway and Tulane Avenue, designated as Lot No. 9 on plan of Gilbert & Kelly, Surveyors dated November 13th, 1952, copy whereof is attached to act before J. H. Hammel, Jr., Notary Public, dated December 1st, 1952, and accord *257 ing thereto said lot commences 31 feet, 3 inches 4 lines from the corner of Jefferson Davis Parkway and measures thence 31 feet 3 inches 4 lines front on Gravier Street, similar width in the rear, by a depth of 120 feet between equal and parallel lines.
“The improvements bear Municipal No. 3333-3335 Gravier St.”
Plaintiff in her petition alleges that the sale of the two properties was made to the defendant for a total price of $10,971.57 of which $3,550.75 was paid in cash and the balance was represented by the assumption of an amount due on a mortgage, said amount being $7,420.82. In her petition plaintiff alleged that the actual value of the property was $27,000 and that, therefore, the stated consideration, $10,971.57, being considerably less than one-half the actual value, the sale should be rescinded.
The jury fixed the value at $17,212.10. During the trial before the jury the notary who had passed the act of sale, after testifying that plaintiff was fully aware of the fact that she was executing a sale of her properties and that he had explained to her every detail of the act and had read to her every line, spontaneously made the statement that there had been some conversation concerning the right of plaintiff to remain in one of the properties for the balance of her life and to collect the rents for the defendant and retain one-third of the rents for her own use. This statement was not immediately objected to by counsel for defendant, and, as a result of this statement, there is now presented on behalf of plaintiff the additional alternative contention that the sale should be rescinded because of the failure of consideration, that is to say, counsel now argue that the defendant, in addition to the stated price of $10,971.57, agreed that plaintiff might occupy the property for the rest of her life and might retain a portion of the rents and that, since plaintiff was later evicted from the property, that part of the consideration was never received by her, and, therefore, she, because of failure of consideration, has the right to rescission.
There are thus presented to us three alternative contentions of plaintiff each of which is to some extent inconsistent with one or both of the others.
The first contention which is presented in the petition is that the value of the property was more than double the stated consideration. The evidence on this contention was presented by four real estate experts on behalf of defendant and one additional expert also fixed the value of one of the properties. The average valuation of these five experts, all of whom fixed the values at figures very close together, amounted to $16,550. On behalf of plaintiff two real estate experts were presented and one of these experts fixed the value at $24,745, and the other fixed the value at $25,950, making an average valuation of a little more than $25,000.
The jury accepted the valuations of the experts produced by defendant, and the record amply justifies the conclusion that the property was not worth more than double the stated consideration.
When we come to consider the alternative contention presented in the petition, —that this ignorant, illiterate, old Negress was misled into signing an act of sale, whereas she believed she was merely signing a mortgage, — we find not the slightest foundation for the statement that she was illiterate and ignorant. The record leaves no doubt whatever that she had frequently dealt in real estate and mortgages, and, with remarkable accuracy, she stated the details of many of those transactions giving dates and figures. She answered questions with statements which indicated quite a high order of intelligence rather than ignorance and illiteracy. The notary who passed the act of sale had no doubt whatever that she understood thoroughly what she was doing and the record leaves not the slightest doubt on this point.
*258 We come then to the last of the alternative contentions, which was not made in the petition but which was presented in argument and was based on a spontaneous statement by the notary that there had been in his office conversation to the effect that the plaintiff might remain in the property for the rest of her life and might retain a portion of the rents.
It is interesting to note that plaintiff herself in her testimony made no such statement. She made not the slightest reference to any such additional consideration and there is not one word in the petition which would indicate that there was any such agreement as a part of the consideration. Furthermore, such a contention is completely inconsistent with the major contention that the plaintiff was misled into signing an act of sale believing that she was executing a mortgage. If she now can be heard to contend that this so-called agreement was a part of the consideration of the sale, there is immediately eliminated from her contention any possibility that she was misled into believing that she was not executing an act of sale. When the first statement was made by the notary as to the agreement to occupy one of the properties and to retain part of tire rent, counsel for defendant apparently did not realize the significance which might be attached to such a statement and later, when he did realize it and objected, the trial judge overruled the obj ection on the ground that fraud had been charged and that, therefore, the evidence was admissible as possibly indicating some connection with the charge of fraud.
If, as a matter of fact, the plaintiff had been fraudulently misled into believing that she was signing an act of mortgage, evidence that she had been told that she could remain in the property and that she could retain the rents would have been corroborative of this contention and therefore that evidence was admissible as supporting that charge. However, it cannot be pointed to as presenting an entirely different and unrelated issue and, in fact, an issue completely inconsistent with the charge of fraud. That evidence, if true, would indicate that plaintiff knew that she was selling the property for her counsel now argues that the sale should be rescinded because of failure of consideration. Failure of consideration is diametrically opposed to the charge that she thought she was executing a mortgage.
Our conclusion is that the sale may not be rescinded because of lesion nor because of fraud.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.